UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE FLORES BARROSO,<br><br>                                 Plaintiff,<br><br>-against-<br><br>TABLE 87 GOWANUS NYC LLC; TABLE 87 IC LLC; TABLE 87, FROZEN, LLC; and THOMAS CUCCO,<br><br>                                 Defendants. | **23-cv-04864-KPF**<br><br>**FIRST AMENDED**<br>**COMPLAINT** |

Plaintiff JORGE FLORES BARROSO, by his attorneys, Virginia and Ambinder, LLP, allege upon knowledge to himself as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§206, 207, and 216(b) and the New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146; on behalf of JORGE FLORES BARROSO ("Plaintiff") who was formerly employed by TABLE 87 GOWANUS NYC LLC; TABLE 87 IC LLC, TABLE 87 FROZEN, LLC; and THOMAS CUCCO.

2. Under the direction and control of Defendant Thomas Cucco ("Cucco"), TABLE 87 GOWANUS NYC LLC, TABLE 87 IC LLC, and TABLE 87 FROZEN, LLC (the "Corporate Defendants" and together with Cucco, the "Defendants") maintained employment practices that resulted in depriving Plaintiff of overtime wages and spread of hours compensation, as required by federal and state law.

3. Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable State law

by failing to maintain proper and complete timesheets and payroll records.

4. Plaintiff has initiated this action seeking all compensation, including overtime compensation and "spread of hours" compensation, plus interest, damages, and attorneys' fees and costs.

5. Plaintiff has initiated this action seeking compensation that he was deprived of, plus interest, attorneys' fees, and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## PARTIES

8. Plaintiff JORGE FLORES BARROSO is an individual who resides in the County of Kings, State of New York, and who worked for Defendants, primarily as a cook, from May 2015 to July 2022.

9. Upon information and belief, Defendant TABLE 87 GOWANUS NYC LLC is a domestic limited liability company, with a physical location at 473 3rd Avenue, Brooklyn, NY 11215 and is engaged in the restaurant business.

10. Upon information and belief, Defendant TABLE 87 IC, LLC, is a domestic limited

liability company, with a physical location at 238 36th St., Brooklyn, New York 11232, and is engaged in the restaurant business.

11. Upon information and belief, Defendant TABLE 87, FROZEN, LLC is a domestic limited liability company with a physical location at 145 42nd St., Brooklyn, NY 11232 and is engaged in the restaurant and frozen pizza manufacturing industry.

12. Upon information and belief, Defendant THOMAS CUCCO is a resident of New York with a residence at 1570 W 10th Street, Apt 4A, Brooklyn, NY 11204.

## FACTS

13. Upon information and belief, beginning in or about May 2015, Defendants employed the Plaintiff, in furtherance of their restaurant and frozen pizza manufacturing business mainly as a pizza maker, but also washing dishes, serving food and operating the register.

14. Plaintiff Barroso worked for Defendants from approximately May 2015 through July 2022 at two (2) of Defendants' three (3) restaurant locations and at their frozen pizza factory, performing work including, but not limited to, preparing and cooking pizzas.

15. Specifically, Plaintiff worked at Defendants' restaurant at 473 3rd Ave, Brooklyn, NY 11214 (Table 87 Gowanus) and their restaurant at 238 36th St., Brooklyn, NY 11232 (Table 87 Industry City) and at Table 87 Industry City. Additionally, Plaintiff worked at Defendants' factory at 145 42nd St., Brooklyn, NY 11232 ("Table 87 Factory").

16. At all these locations, Plaintiff typically prepared and cooked the pizzas. At Table 87 Industry City, Plaintiff performed additional duties such as washing dishes, handling the cash register, and serving food.

17. From approximately May 2015 to June 2016, Plaintiff worked at Table 87 Gowanus. Plaintiff typically worked six (6) days per week, with shifts from 10:00 AM to 9:00 PM,

3

with a 30 (thirty) minute break each day.

18. While working at Table 87 Gowanus, Plaintiff was paid an hourly rate of $11.50 to $12.50.

19. From approximately mid-May 2017 to July 2022 Plaintiff worked at Table 87 Industry City. From mid-May 2017 until approximately April 2022, Plaintiff typically worked six (6) days per week, with shifts from 9:00 AM to 8:00PM. From May 2022 until July 2022, Plaintiff typically worked five (5) days per week, with shifts from 9:00 AM to 8:00 PM.

20. During Plaintiff's employment at Table 87 Industry City, he did typically not receive any breaks during his shifts.

21. While working at Table 87 Industry City, Plaintiff was paid an hourly rate of $12.50 from May 2017 to May 2018; $13.50 from May 2018 to May 2019; $14.50 from May 2019 to May 2020; $15.50 from May 2020 to November 2021; and $ 16.50 from November 2021 to July 2022.

22. Additionally, while working at Table 87 Industry City, Plaintiff also typically received approximately $300 per week in tips from customers.

23. From approximately February 2017 to mid-May 2017, Plaintiff worked at Table 87 Factory. Plaintiff typically worked five (5) days per week shifts from 7:00 AM to 6:00 PM with a 30 (thirty) minute break.

24. While working at Table 87 Factor, Plaintiff typically received an hourly rate of $12.50.

25. Defendants typically paid the Plaintiff in cash.

26. During his entire employment, Plaintiff typically worked approximately 55 to 66 hours per week.

27. When Plaintiff worked more than forty (40) hours per week, he was not paid one

and one-half times his regular wage rate for all hours worked after forty (40).

28.     Accordingly, Plaintiff was typically paid at his regular rate of pay, rather than one and one-half times his regular wage rate, for hours worked beyond forty (40) in a week.

29.     Defendants thus maintained a policy and practice of failing to pay Plaintiff all earned overtime compensation.

30.     Despite working shifts that exceeded ten (10) hours, Plaintiff also did not receive spread of hours compensation in the form of one additional hour of pay at the applicable minimum wage rate.

31.     Accordingly, Plaintiff was regularly required to perform work for Defendants, without receiving all earned spread of hours compensation as required by applicable state law.

32.     The payments made to the Plaintiff constitute "wages," as that term is defined under New York Labor Law § 651.

33.     Defendants are also not entitled to avail themselves of the New York tipped minimum wage rate under 12 NYCRR § 146-1.3 because Defendants failed to provide the Plaintiff with the mandatory notice regarding the tip credit as required by 12 NYCRR § 146-2.2, and because the Plaintiff did not receive enough tips to compensate him at the applicable or overtime wage rate.

34.     Upon information and belief, Defendants are also not entitled to avail themselves of the New York tipped minimum wage rate under 12 NYCRR § 146-1.3 because Defendants failed to provide Plaintiff with the mandatory notice regarding the tip credit as required by 12 NYCRR § 146-2.2, and because Plaintiff did not receive enough tips to compensate them at the applicable minimum wage and/or overtime wage rates.

35.     Pursuant to 12 NYCRR § 146-2.9, Defendants are also not entitled to the tip credit

because the Plaintiff performed non-tipped work for two hours or more, or for more than 20 percent of her shift, each day.

36. Upon information and belief, pursuant to 12 NYCRR § 146-2.9, Defendants are also not entitled to the tip credit because Plaintiff performed non-tipped work for two hours or more, or for more than 20 percent of their shifts, each day.

37. Defendants were Plaintiff's employer within the meaning of the New York Labor Law and applicable regulations.

38. Plaintiff was Defendants' employees within the meaning of the New York Labor Law and applicable regulations.

39. Upon information and belief, each Defendant has exercised substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

40. Upon information and belief, Defendants are a single and/or joint employer and employed Plaintiff at all relevant times.

41. Upon information and belief, Defendants are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Plaintiff, including payroll practices.

42. Upon information and belief, each Defendant has had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

43. Upon information and belief, at all relevant times, Defendants had the power to determine employee policies, including, but not limited to, policies governing the payment of wages and overtime compensation to Plaintiff.

44. Upon information and belief Defendants (i) had the power to hire and fire Plaintiff; (ii) supervised and controlled Plaintiff's work schedules or conditions of employment; (iii)

determined the rate and method of Plaintiff's payment; and (iv) maintained Plaintiff's employment records.

45.     Upon information and belief, Defendants are or were an employer and actively participated in the unlawful practices of failing to pay Plaintiff all of his earned wages.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK STATE OVERTIME COMPENSATION**

46.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

47.     Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the

48.     Plaintiff is protected from wage underpayments and improper employment practices.

49.     Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek . . . ."

50.     Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

51.     As a person employed for hire by Defendants, the Plaintiff was an "employee," as understood in Labor Law § 651 and case law interpreting the same.

52.     Defendants are "employer[s]" within the meaning of § 651.

53.     Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*, 650 *et seq.*, and the cases interpreting same, Defendants are an "employer."

54.     Plaintiff worked more than forty (40) hours per week while working for Defendants.

55.     Upon information and belief, Plaintiff did not receive the New York statutory overtime compensation required for all hours worked after the first forty (40) hours of work in a

week.

56.     Consequently, by failing to pay Plaintiff overtime compensation, Defendants violated New York Labor Law §§ 650 *et seq.*, and 663, and 12 NYCRR § 146-1.4.

57.     Upon information and belief, Defendants' failure to pay the Plaintiff overtime compensation was willful.

58.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 650 *et seq.* and 663; and 12 NYCRR § 146-1.4, and are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## FLSA OVERTIME WAGES

59.     Plaintiff repeats and re-allege the allegations set forth in the preceding paragraphs.

60.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

61.     Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

62.     Defendants constitute an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

63.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Thomas Cucco

8

constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

64. Plaintiff was an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

65. Upon information and belief, Defendants failed to pay Plaintiff all his earned overtime wages for the time hours over forty (40) he worked in any given week.

66. The failure of Defendants to pay Plaintiff his rightfully owed wages was willful.

By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK STATE SPREAD OF HOURS COMPENSATION

67. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

68. Title 12 NYCRR § 146-1.6(a) requires that, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

69. Plaintiff typically worked more than ten (10) hours in a day.

70. Upon information and belief, Defendants did not pay Plaintiff an additional hour's pay when he worked more than ten (10) hours in a day.

71. Consequently, by failing to pay to the Plaintiff an additional hour's pay when he worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6(a).

72. Upon information and belief, Defendants' failure to pay "spread of hours"

compensation for work performed by the Plaintiff after ten (10) hours in a day was willful.

73. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6(a), and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1) on his first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(2) on his second cause of action against Defendants, an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3) on his third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4) Any further relief the Court may deem appropriate.

Dated: New York, New York
October 27, 2023

**VIRGINIA & AMBINDER LLP**

By: /s/ Lloyd R. Ambinder, Esq.
Lloyd R. Ambinder, Esq.
Leonor H. Coyle, Esq.
Virginia & Ambinder, LLP
40 Broad, 7th Floor
New York, New York 10004
lcoyle@vandallp.com
Tel: (212) 943-9080
Fax: (212) 943-9082

*Attorneys for Plaintiff*