

December 15, 2023

**Via ECF**
The Honorable Katherine Polk Failla
United States District Judge
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    **Plaintiff's Motion Requesting Approval of FLSA Settlement**
              **Case:** *Barroso v. Table 87 Gowanus NYC LLC, et al.*
              **Case No.: 23-cv-04864 (KPF)**

Dear Judge Failla,

      This law firm represents Plaintiff, Jorge Flores Barroso ("Plaintiff"). Plaintiff respectfully requests that the Court approve the settlement reached in this case pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Plaintiff submits that the Court should approve the Joint Stipulation of Settlement and Release ("Settlement Agreement") attached as **Exhibit 1** and the settlement of this lawsuit (including Plaintiff's claims asserted herein) as final, fair, reasonable, adequate, and binding on Plaintiff and dismiss this lawsuit in its entirety with prejudice and without attorneys' fees or costs to any party except as provided in the Agreement by so ordering the Stipulation and Order of Dismissal with Prejudice attached as **Exhibit 2**, as the settlement reflects a reasonable compromise of contested issues reached by an arms-length negotiation between the parties, who were adequately represented by counsel. Plaintiff expressly waives any right to appeal any order(s) by this Court granting approval of the Settlement Agreement and/or dismissing with prejudice all claims that were or could have been asserted in this lawsuit and dismissing this lawsuit in its entirety with prejudice. Defendants, Table 87 Gowanus NYC LLC ("Table 87 Gowanus"), Table 87 IC LLC ("Table 87 IC"), Table 87, Frozen, LLC ("Table 87 Frozen"), and Thomas Cucco ("Cucco")(Table 87 Gowanus, Table 87 IC, Table 87 Frozen, and Cucco are collectively, the "Defendants") do not oppose this motion.

      **I.**      **Plaintiff's Allegations and Defendants' Responses.**

      In his First Amended Complaint in this action, Plaintiff alleges that he worked for Defendants primarily as a cook from May 2015 to July 2022. (See ECF Doc. 29, at ¶ 8). Plaintiff further alleges that Defendants engaged in numerous violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. and all related regulations ("FLSA") and New York Labor Law §§ 190 et seq. and 650 et seq. and all related regulations (the "NYLL"), including failing to pay appropriate overtime wages and spread of hours wages. (See ECF Doc.

The Honorable Katherine Polk Failla, U.S. District Judge
December 15, 2023
Re: *Barroso v. Table 87 Gowanus NYC LLC, et al.* (23-cv-04864)
Page 2

29, at ¶¶ 13-73).

By their First Amended Answer, Defendants have denied and continue to deny Plaintiff's allegations. (See ECF Doc. 30). Defendants assert that Plaintiff did not perform work for any of the Defendants, except for Table 87 IC and that Plaintiff was properly paid and fully compensated for all hours that he worked. Further, Defendants assert that Plaintiff was not entitled to receive any overtime pay because he qualified for one or more exemptions from overtime pay under the FLSA and NYLL, including the executive exemption. Indeed, Defendants contend that Plaintiff worked primarily as a manager and that he was provided keys to open and/or close the restaurant at which he worked. Additionally, Defendants contend that Plaintiff's allegations concerning his purported length of employment and hours worked are false, inflated, and belied by the time records produced by Defendants to Plaintiff's counsel, and Plaintiff was paid higher wages than he avers. Indeed, contrary to Plaintiff's allegations, these time records demonstrate that Plaintiff worked from December 13, 2019 through July 15, 2022. Moreover, Defendants allege that Plaintiff received a meal period lasting at least 1 hour during each workday. Defendants also claim that Plaintiff abruptly resigned his employment with Table 87 IC and following Plaintiff's separation, they received information establishing that Plaintiff engaged in theft of time and food product. Moreover, Plaintiff does not wish to go through the stress and uncertainty of further litigation likely culminating in a trial, but rather wants to resolve his claims expeditiously in order to move back to his country of origin.

Based on the parties' respective positions, it appears that there were extensive factual and legal issues in dispute, which would have likely resulted in protracted, expensive and burdensome litigation.

**II.     The Proposed Settlement is Fair and Reasonable.**

Through their respective attorneys, the parties participated in multiple settlement discussions over the course of several weeks and were successfully able to come to an agreement resolving this case. Under the fully-executed Settlement Agreement, Defendants will pay Thirty Thousand Dollars and Zero Cents ($30,000.00) to settle all claims. The payment shall consist of three (3) checks. Two checks will be made payable to Plaintiff in the amount of $10,000 each, totaling $20,000. (One of the checks made payable to Plaintiff will be subject to applicable taxes and withholdings.) The third check will be made payable to Virginia & Ambinder, P.C. in the amount of $10,000 for payment of the attorneys' fees and costs incurred by this law firm in litigating this case. The checks will be sent to Virginia & Ambinder, P.C. and will be distributed to Plaintiff. (See **Exhibit 1**, at Section 3.1.)

Plaintiff agreed to the current settlement amount because he wishes to be compensated in part for what he believes he is owed and he does not wish to drag out the litigation process any further, benefitting all parties. In fact, Plaintiff understands that there are significant burdens, expenses, and risks with litigation (including the possibility that this lawsuit, if not settlement now, might not result in any recovery or might result in a recovery less favorable and that any

The Honorable Katherine Polk Failla, U.S. District Judge
December 15, 2023
Re: *Barroso v. Table 87 Gowanus NYC LLC, et al.* (23-cv-04864)
Page 3

recovery may not occur for several years), and Plaintiff wishes to avoid the burden, expense and uncertainty of continuing this lawsuit.

Based on Plaintiff's allegations in his First Amended Complaint that he worked approximately 55 to 65 hours a week and was paid straight time of approximately $12.50 per hour to $16.50 per hour from May 2017 through the end of his employment in July 2022, (See ECF Doc. No. 29, at ¶¶ 21, 26-28).  Plaintiff initially estimated his unpaid wages to be approximately $69,000.00.  However, this calculation of damages was disputed by Defendants and was determined to be possibly flawed following information provided by Defendants and discussions with the Defendants and Plaintiff.  For example, Defendants, among other defenses, contested Plaintiff's allegations regarding his duties and status as an alleged non-exempt employee, the number of hours worked and wages paid. Defendants also claim that at least one of Plaintiff's co-workers confirmed that Plaintiff left work early, thereby contradicting the number of hours purportedly worked by Plaintiff.  Based on the information provided by Defendants, there appear to be several issues of law and material fact in dispute in this lawsuit, including, but not limited to, whether Plaintiff was exempt from receiving overtime pay, the hours purportedly worked by Plaintiff and the wages paid to Plaintiff.

Before a district court approves an FLSA settlement, "it must scrutinize the settlement agreement to determined that the settlement is fair and reasonable."  *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).  In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky*, 900 F. Supp. 2d at 335.  "[C]ourts generally recognize a 'strong presumption in favor of finding a settlement fair,' as they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (*quoting Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also, Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Applying the *Wolinsky* factors, Plaintiff submits that the settlement is reasonable because: (1) the range of Plaintiff's potential recovery is wide and includes a distinct possibility that

The Honorable Katherine Polk Failla, U.S. District Judge
December 15, 2023
Re: *Barroso v. Table 87 Gowanus NYC LLC, et al.* (23-cv-04864)
Page 4

Plaintiff may not be entitled to any recovery if any of Defendants' defenses have merit; (2) significant challenges exist that may prevent Plaintiff from prevailing on the merits and/or collecting on any post-trial judgment; (3) the settlement amount will enable the parties to avoid risky, protracted, expensive and burdensome litigation; (4) the settlement is the result of the extensive negotiations between experienced attorneys; and (5) no fraud or collusion exists. Indeed, "[c]ase law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca, LLC*, 948 F. Supp. 2d at 364. Considering the risks in this case outlined above, the parties believe that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### III. The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions.

Parties may not enter into a FLSA settlement agreement and stipulate to the dismissal of their case, with prejudice, without Court approval. *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015). The Settlement Agreement does not present *Cheeks* problems, and "the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Nieto v. Izzo Constr. Corp.*, 2018 WL 2227989, at *1 (E.D.N.Y. May 14, 2018), *citing Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The Settlement Agreement does not contain a confidentiality provision, and the Settlement Agreement only provides for a release of wage and hour claims (including, wage and hour claims under the FLSA and NYLL) against Defendants. **Exhibit 1**, at Section 4.1. Releases limited to wage and hour claims, including those under the FLSA and NYLL, avoid the type of language that the Second Circuit has characterized as overbroad. *See Seecharan v. Heritage Place LLC*, 2021 WL 1299692, at *3 (E.D.N.Y. March 15, 2021); *see also*, *Ezpino v. CDL Underground Specialists, Inc.*, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), *adopted by*, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) (citations omitted). Additionally, the Settlement Agreement does not contain a non-disparagement clause. *See Seecharan*, 2021 WL 1299692, at *3 (E.D.N.Y. March 15, 2021) (approving FLSA settlement agreement that did not contain a confidentiality or non-disparagement clause).

### IV. Attorneys' Fees and Costs.

Plaintiff's counsel's requested fees are one-third of the gross Settlement Amount total sum, inclusive of reimbursement of expenses, which is reasonable, considering the time Plaintiff's counsel spent litigating this claim. In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit." *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015). Plaintiff's counsel's request for a contingency fee of one-third of the settlement is consistent with the norms in this district. *See Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360 *1 (E.D.N.Y. Apr. 14, 2016) (collecting cases).

The Honorable Katherine Polk Failla, U.S. District Judge
December 15, 2023
Re: *Barroso v. Table 87 Gowanus NYC LLC, et al.* (23-cv-04864)
Page 5

The Court should also consider whether the proposed attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.

The rates billed by V&A are reasonable and consistent with rates previously approved. *See e.g. Cohan v. Columbia Sussex Mgmt., LLC*, 2018 U.S. Dist. LEXIS 179192 (E.D.N.Y. Sept. 28, 2018) (approving V&A rates); *Kalloo v. Unlimited Mech. Co. of NY*, 977 F. Supp. 2d 209, 213 (E.D.N.Y. 2013) (finding that V&A's "familiarity with the applicable law and the specific facts of this case assured that the trial moved swiftly, saving the time of the court, as well as, undoubtedly, that of defense counsel."); *Drakopoulos v. Ardian Corp.*, 15-cv-4717-BMC, Docket No. 28 (E.D.N.Y.) (finding that "[t]he attorneys' fees and costs are entirely reasonable and efficient….").

The lodestar cross-check, which compares the requested fee to the time and labor expended by counsel, weighs in favor of approving the requested fee in this matter. Here, Plaintiff's counsel's lodestar is $ $39,206.18. Accordingly, the agreed upon fee of $10,000 is significantly less than the lodestar. Thus, the fee is entirely reasonable considering courts within the Second Circuit have awarded fees that are in excess of a counsel's lodestar. *See, e.g., In re Hi–Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *18 (S.D.N.Y. 2014) (multiplier of 1.41); *In re Visa Check/Master money Antitrust Litig.*, 297 F.Supp.2d 503, 524 (E.D.N.Y. 2003) (multiplier of 3.5); *In re Citigroup Inc. Sec. Litig.*, 965 F.Supp.2d. 369, 401 (S.D.N.Y. 2013) (multiplier of 2.8).

Plaintiff's counsel also expended $ $426.18 in out-of-pocket expenses. "Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (internal citation and quotation marks omitted). Here, Plaintiff's counsel incurred actual expenses of $426.18 for costs such as court fees and service fees. These expenses were incidental and necessary to the representation of Plaintiff.

Public policy also weighs in favor of approving the requested attorneys' fees. The purpose of shifting attorneys' fees to a defendant-employer is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." *Sand v. Greenberg*, 2010 U.S. Dist LEXIS 1120, at *9 (S.D.N.Y. 2010).

In this case, the attorney's fees of $10,000.00 are reasonable considering the work performed and the favorable result obtained for Plaintiff. Therefore, the parties respectfully request the Settlement Agreement, including attorney's fees be approved.

Based on Plaintiff's counsel's time spent on reaching this settlement, the risks involved in litigating this matter, the quality of Plaintiff's counsel's representation, and the public policy considerations, Plaintiff requests the Court approve Plaintiff's counsels' requested attorney's fees.

The Honorable Katherine Polk Failla, U.S. District Judge
December 15, 2023
Re: *Barroso v. Table 87 Gowanus NYC LLC, et al.* (23-cv-04864)
Page 6

  Accordingly, Plaintiff respectfully requests that the Court approve the settlement, so order Stipulation and Order of Dismissal with Prejudice attached as **Exhibit 2,** and have it entered on the docket by the Clerk of the Court.

  We thank the Court for its consideration.

            Respectfully submitted,

            VIRGINIA & AMBINDER LLP

          By: */s/ Lloyd R. Ambinder*
            Lloyd R. Ambinder, Esq.


cc: Gregory Lisi, Esq. (via ECF)
   Alexander Leong, Esq. (via ECF)